### SCHAEFER v. SHERWOOD.

(Supreme Court, Appellate Term. January 8, 1909.)

PRINCIPAL AND AGENT (§ 85*)—PAYMENTS BY AGENT—REIMBURSEMENT BY PRINCIPAL.

Where an agent contracting on his personal credit for repairs of his principal's tenements paid for the repairs after the revocation of his agency, the payments were not voluntary, but were made to secure a release of his personal liability, and the principal was bound to reimburse him.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 227; Dec. Dig. § 85.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Henry C. Schaefer against William Sherwood. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

William G. McCrea, for appellant.
Charles Stein, for respondent.

BISCHOFF, J. So far as the plaintiff's recovery in the court below is assailed upon this appeal, it relates to money paid, laid out, and expended for the defendant in and about the care of the latter's tenements. Concededly the plaintiff had been employed as the defendant's agent, but because the payments were not actually made before the agency was revoked it is claimed that they were voluntary. It sufficiently appears, however, from the testimony taken upon the trial that the payments made were for repairs contracted for by the plaintiff pending his agency, and upon his personal credit. That under such circumstances the defendant may be answerable for the value of the repairs as an undisclosed principal does not absolve the plaintiff from personal liability to those with whom he contracted. It was his right,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

therefore, to secure his release by payment, and to look to the defendant for reimbursement. In no proper sense are the payments to be regarded as voluntary.

Judgment affirmed, with costs. All concur.